# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
WILLIAM H. GAMAGE, BAR NO. 9024.

No. 77957

**FILED**

JUN 21 2019



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney William Gamage. Under the agreement, Gamage admitted to violating RPC 3.4(c) (fairness to opposing party and counsel: knowingly disobeying an obligation under the rules of a tribunal) and RPC 8.4(d) (misconduct: engaging in conduct that is prejudicial to the administration of justice). He agreed to a 90-day suspension to run concurrent with the discipline imposed in Docket No. 77956.

Gamage has admitted to the facts and violations alleged in the complaint. The record therefore establishes that Gamage failed to comply with the briefing schedule established by this court in a postconviction appeal for which Gamage was appointed counsel. Based on that failure, this court entered an order on November 13, 2017, removing Gamage as counsel and referring him to the State Bar for investigation.

19-26809

As Gamage admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Gamage has admitted to knowingly violating duties to his client (misconduct) and the legal profession (fairness to opposing party and tribunal). The baseline sanction before considering aggravating and mitigating circumstances is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 6.22 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when the lawyer knows he is violating a court order or rule and causes potential injury to a client). The record supports the panel's findings of two aggravating circumstances (prior disciplinary history and substantial experience in the practice of law) and four mitigating circumstances (absence of selfish or dishonest motive, personal or emotional problems, imposition of other penalties or sanctions, and remorse). Considering all four factors, we conclude that the agreed-upon 90-day suspension to run concurrent with the discipline in Docket No. 77956 is appropriate.

Accordingly, we hereby suspend attorney William Gamage from the practice of law in Nevada for a period of 90 days, to run concurrent with the discipline imposed in Docket No. 77956. Further, Gamage shall pay the

actual costs of the disciplinary proceeding, including $2,500 under SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                          Parraguirre

_____, J.          _____, J.
Stiglich                                             Cadish

HARDESTY, J., with whom SILVER, J., agrees, dissenting:

Because I believe that Gamage should be disbarred based on the misconduct addressed in *In re Discipline of William Gamage*, Docket No. 77956, I would take no further disciplinary action in this matter. I therefore dissent.

_____, J.
Hardesty

I concur:

_____, J.
Silver

cc:   Chair, Southern Nevada Disciplinary Board
       Law Office of William Gamage
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court